**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

AIDRUS M.,

Plaintiff,

v.

TODD BLANCHE, *Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID VENTURELLA, *Acting Director, Immigration & Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration & Customs Enforcement*;

JOEL BROTT, *Sheriff, Sherburne County*,

Defendants.

Civil No. 26-3647 (JRT/DTS)

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

On March 30, 2026, Petitioner Aidrus M. filed his first Petition for a Writ of Habeas Corpus. (Civ. No. 26-2086, Docket No. 1.) While that case was pending, on May 8, 2026, Petitioner's order of removal became final. *Aidrus M. v. Sherburne Cnty. Jail*, Civ. No. 26-2086, 2026 WL 2247120 (D. Minn. July 7, 2026); (Decl. of Jonathon Santiago ¶ 4, Ex. 5, Aug. 25, 2026, Docket No. 7.)[1] Magistrate Judge David T. Schultz concluded that even if

[1] Unless otherwise indicated, citations to the docket are to the docket of the present case, Civil No. 26-3647.

Petitioner was correct that he was not subject to mandatory detention at the time he filed his habeas petition, because of the intervening final order of removal, Petitioner was subject to mandatory detention at the time the Report & Recommendation (R&R) issued. *Aidrus M.*, 2026 WL 2247120 at *1 (citing 8 U.S.C. § 1231(a)). Petitioner did not object to this R&R, and the Court adopted the R&R and dismissed the matter without prejudice. *Aidrus M.M. v. Sherburne Cnty. Jail*, Civ. No. 26-2086 (JRT/DTS), 2026 WL 2244263 (D. Minn. Aug. 4, 2026).

On August 17, 2026, Petitioner filed a Second Petition for a Writ of Habeas Corpus, again asking the court to grant him immediate release because his current detention is predicated on an unlawful arrest. (Docket No. 1.) Following briefing from the parties, on September 21, 2026, the Magistrate Judge issued a second R&R concluding that this case remains moot and recommending the second petition should also be denied without prejudice. (Docket No. 9.)

Petitioner timely objected, arguing that his Petition is not moot merely because the Government's statutory basis for continued detention changed while the case was pending. (Obj., Sept. 28, 2026, Docket No. 10.)

Upon the filing of a report and recommendation by a magistrate judge, "[a] party may serve and file specific written objections to the proposed findings and recommendations." D. Minn. LR 72.2(b)(1). The Court reviews de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3).

Having carefully reviewed the record, the Magistrate Judge's R&R, and the Petitioner's objections, the Court accepts the R&R's conclusion that Petitioner's argument is moot.[2] Once Petitioner's order for removal became final, his detention became mandatory, and his detention cannot be challenged on the grounds raised in the Petition.[3]

Because Petitioner did not raise the issue, the Court will not address whether Petitioner has a due process claim under § 1231. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (concluding that it was presumptively reasonable to detain an alien for six months following a final removal order under § 1231); *see also* Rule 2(c) of the Rules Governing § 2254 (The petition must . . . specify all the grounds for relief available to the petitioner . . . .").

---

[2] The Court notes that there are some judges at the Eighth Circuit who might under certain circumstances agree with Petitioner that his **case** is not moot. *See Banyee v. Bondi*, 131 F.4th 823, 824 (8th Cir. 2025) (J. Stras concurring); *cf. id.* at 827–28 (C.J. Colloton dissenting) (noting the other circuits who have determined that a challenge to pre-final detention becomes moot once the final order of removal has been entered). But because Petitioner does not argue that his detention violates due process—only that his detention while he was subject to 8 U.S.C. § 1226 detention was unlawful because of a warrantless arrest—the Court concludes that Petitioner's argument **and** case are moot.

[3] *See, e.g.*, *Esequiel P.R. v. Mullin*, Civ. No. 26-2941, 2026 WL 2477471, at *1 & n.1 (D. Minn. Aug. 24, 2026) (concluding that despite "questions about the lawfulness" of Petitioner's arrest, because Petitioner is subject to detention under § 1231, "there is no basis for release at this time"); *Lee S. v. Immigration & Customs Enf't*, Civ. No. 20-1583, 2020 WL 7711344, at *3 (D. Minn. Dec. 29, 2020) (concluding that a petitioner's claim under § 1226 was moot after a noncitizen was found removable); *Alier D. v. Sec'y of Dep't of Homeland Sec.*, Civ. No. 18-1645, 2018 WL 5847244, at *2 (D. Minn. Nov. 8, 2018) ("The shift of the government's authority to detain the petitioner from § 1226 to § 1231 renders moot his claim based on pre-removal detention."); *see also Singh v. Sessions*, Civ. No. 17-1324-WJM-KMT, 2017 WL 3397337, at *2 (D. Colo. Aug. 8, 2017) (collecting cases from the Eleventh, Third, and Fifth Circuits).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Docket No. [9]) is **ADOPTED in full**.

2. Petitioner Aidrus M.'s Petition for a Writ of Habeas Corpus (Docket No.[1]) is **DENIED WITHOUT PREJUDICE as moot.**

3. Aidrus M. shall have 30 days to amend his Petition. If no amendment is filed within 30 days, this matter will be dismissed.

DATED: November 20, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge